IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
---

DEBORAH M MARSON,

       Plaintiff,       OPINION & ORDER

 v.

                     14-cv-833-wmc

PARKER HANNIFIN CORP.,

       Defendant.
---

*Pro se* plaintiff Deborah M Marson proposes to bring this lawsuit against defendant Parker Hannifin Corp. for discrimination. Marson requested and was granted leave to proceed *in forma pauperis* without any prepayment of fees or costs. (Dkt. #5.) Accordingly, the court will now screen her complaint to determine whether it: is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Based on the allegations in her complaint, Marson appears to seek relief from a previous court case she brought against the same defendant, which was dismissed for "failure to cooperate." Marson claims that she was unable to be ready for an impending hearing in the previous court case because her mail had fallen behind a sideboard, giving her just two weeks to prepare. Marson also claims that she spoke with the judge, who refused to postpone her case. Finally, Marson alleges that Parker Hannifin Corp. "discriminated" against her, and she wishes to "have another try" in this lawsuit.

Setting aside the likelihood that Marson's claims here are likely barred from reconsideration by this court as a result of the earlier lawsuit,[1] the main problem with

---
[1] As summarized above, Marson's allegations strongly suggest that she has previously litigated a

Marson's complaint is that it does not include *any* factual allegations regarding the wrongdoing for which she seeks to hold Parker Hannifin Corp. accountable. Federal Rule of Civil Procedure 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that to comply with this rule, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] plaintiff has the obligation to provide the factual 'grounds' of [her] entitlement to relief (more than 'mere labels and conclusions'), and a 'formulaic recitation of a cause of action's elements will not do." *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602 (7th Cir. 2009) (quoting *Twombly,* 550 U.S. at 547).

Here, Marson has pled *no* facts regarding the alleged discrimination she faced. For example, Marson fails to plead: when and where the alleged discrimination occurred; what allegedly discriminatory actions were taken and by whom; or why the discrimination occurred (for example, because of her race, gender or age). With nothing more than a conclusory statement that she was "discriminated against at Parker Hannifin" (*see* Compl. (dkt. #1) 2), the court cannot determine whether she has a viable claim for relief.

Accordingly, the court will grant Marson 21 days to file a supplement to her pleadings that comports with the pleading standards of Rule 8. If she does so, the court will

---

lawsuit against this defendant on the same facts and lost. (*See, e.g.*, Compl. (dkt. #1) 2 (discussing procedural history of previous suit and requesting "another try").) If so, Parker Hannifin will likely assert a dispositive affirmative defense of claim and issue preclusion. Because claim preclusion *is* an affirmative defense, however, Marson need not have anticipated or addressed it in her complaint. *Gann v. William Timblin Transit, Inc.*, 522 F. Supp. 2d 1021, 1026 (N.D. Ill. 2007); *see also U.S. Gypsum Co. v. Ind. Gas Co.*, 350 F.3d 623, 626 (7th Cir. 2003) ("Complaints need not anticipate or attempt to defuse potential defenses."). Thus, the court leaves the possible application of this and other defenses for another day.

then screen her complaint to determine whether it states a claim on which relief can be granted. If she does not, however, the court will dismiss this case without further notice. The court will include another *pro se* non-prisoner complaint package with this order that contains instructions and forms for use in filing a civil complaint without the assistance of counsel.

Finally, in her request for relief, Marson asks for court-appointed legal counsel, because she cannot afford to hire a lawyer. Marson should be aware that civil litigants have no constitutional or statutory right to the appointment of counsel. *E.g.*, *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866 (7th Cir. 2013); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). While the court may exercise its discretion in determining whether to recruit counsel *pro bono* to assist an eligible plaintiff who proceeds under the federal *in forma pauperis* statute, *see* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); *Luttrell*, 129 F.3d at 936, the court will only take this step if it determines that Marson's case is appropriate for such efforts. *See Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (the central question in deciding whether to request counsel for an indigent civil litigant is "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself").

Given the likelihood that Mason's complaint is barred from being *re*litigated in this court, *see* discussion *supra* n.1, the court is unlikely to recruit counsel in this case. Before even considering whether it is appropriate to recruit counsel, however, a court must find that the plaintiff has made reasonable efforts to find a lawyer on her own and has been unsuccessful, or that she has been prevented from making such efforts. *Jackson v. Cnty. of*

3

*McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992). Marson has not indicated that she has undertaken a search for counsel on her own yet. To show that she has made "reasonable efforts" to recruit counsel, Marson should submit the names and addresses of at least three attorneys to whom she has applied for assistance and who have turned her down. Until she has done this, any request for assistance in recruiting counsel will be denied as premature.

## ORDER

IT IS ORDERED that plaintiff Deborah M. Marson may have until April 22, 2015, to submit a supplement to her pleadings, consistent with this Opinion and Order. If plaintiff submits a supplement, the court will then screen her claim pursuant to 28 U.S.C. § 1915(e)(2). If plaintiff fails to file a supplement, the court will dismiss her claims and close this case.

Entered this 30st day of March, 2015.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge