IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
───────────────────────────────────────────────────────────────

DEBORAH M MARSON,

                       Plaintiff,                      OPINION & ORDER

  v.

                                                         14-cv-833-wmc

PARKER HANNIFIN CORP.,

                       Defendant.
───────────────────────────────────────────────────────────────

    *Pro se* plaintiff Deborah M Marson seeks to proceed with an employment discrimination claim against proposed defendant Parker Hannifin Corp. Because Marson's original complaint lacked even the basic factual allegations necessary to support a plausible discrimination claim, the court previously instructed Marson to file a supplement to her complaint containing "a short and plain statement of the claim showing that [she] is entitled to relief" as required by Federal Rule of Civil Procedure 8(a)(2). (Mar. 30, 2015 Opinion & Order (dkt. #6).) Specifically, the court noted that Marson failed to plead "where and when the alleged discrimination occurred; what allegedly discriminatory actions were taken and by whom; or why the discrimination occurred (for example, because of her race, gender or age)." (*Id.* at 2.) Unfortunately, her complaint is still lacking sufficient substance as to *why* the alleged discrimination occurred.

NEW ALLEGATIONS

    In response to the court's order, Marson filed a new complaint on April 28, 2015 alleging that she "firmly believe[s]" Parker Hannifin discriminated against her. (Dkt. #7 at 2.) While the specific factual allegations continue to lack context, they at least allow the court to infer that she originally worked at the Parker Hannifin facility in Chetek,

Wisconsin, as a Manpower employee, and that Parker Hannifin refused to hire her when she applied for a permanent position. (*See id.*) Marson concedes that she had a "poor interview," but alleges that she continued to learn at her job and had trained both Parker Hannifin employees and Manpower employees, suggesting that she was knowledgeable and highly qualified. In total, she alleges that she applied three times to work directly for Parker Hannifin, but was never hired. Marson also alleges a belief that her "medical conditions" are the reason for Parker Hannifin's repeated decisions not to hire her, but provides no further detail as to what those conditions are or the basis she has for believing them to have been an important factor in the defendant's hiring decisions.

Reading her complaint generously, Marson may be attempting to state a claim for disability discrimination under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* The ADA states generally that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). To state a claim for disability discrimination, Marson must allege that: (1) she is disabled within the meaning of the ADA; (2) she was qualified to perform the essential functions of the job, either with or without a reasonable accommodation; and (3) she suffered from an adverse employment action because of her disability. *Hoppe v. Lewis Univ.*, 692 F.3d 833, 838-39 (7th Cir. 2012).

Marson has pled the latter two elements of a disability discrimination claim, albeit barely. By alleging that she trained other employees in the work they were doing, Marson has alleged (albeit obliquely), and the court will infer that she was qualified to perform the

essential functions of the job. Marson likewise alleges a belief that she was not hired because of her "medical conditions." A refusal to hire can constitute a materially adverse employment action. *See Wilson v. Cook Cnty.*, 742 F.3d 775, 784-85 (7th Cir. 2014) (Title VII); *Squibb v. Memorial Med. Ctr.*, 497 F.3d 775, 787 (7th Cir. 2007) ("Refusal to hire and termination are adverse actions[.]"); *Stone v. Sangamon Cnty. Sheriff's Dep't*, 168 F. Supp. 2d 925, 930 (C.D. Ill. 2011) (analyzing refusal to hire claim under the ADA).

The problem for Marson is that her renewed complaint alleges no facts suggesting that she is disabled under the ADA. An individual has a "disability" within the meaning of the ADA if she has: (1) a physical or mental impairment that substantially limits one or more major life activities; (2) a record of such an impairment; or (3) is regarded as having such an impairment. 42 U.S.C. § 12102(1). "Major life activities" include but are not limited to "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." *Id.* at § 12102(2)(A). Marson does not, however, allege any factual matter from which the court can infer that she was "disabled" within the meaning of the ADA. Instead, she alleges only unspecified "medical conditions." In particular, Marson provides no detail as to what those conditions are or in what way they limit her major life activities. Without more detail, Marson has yet to plead a plausible claim that she is disabled within the meaning or protections of the ADA.

Marson has already been given one chance to fix her deficient pleading. Before dismissing her lawsuit for failure to state a claim, the court will nevertheless give her one final opportunity to cure the defects in her complaint. Marson may have 21 days to submit a second supplemental pleading. She should be sure to plead *specific facts* supporting her

claim of disability discrimination, including what her alleged disability is and how it substantially limits her major life activities. It would likely prove helpful going forward if she also were to plead additional facts regarding her job at Parker Hannifin; her qualifications; the time period of the alleged discrimination; and who took the allegedly discriminatory actions against her by refusing to hire her, as well as the characteristics of those hired in her stead. If Marson fails to file this supplement timely, or files a third defective pleading, the court will dismiss this case for failure to state a claim on which relief can be granted.

ORDER

IT IS ORDERED that plaintiff Deborah M Marson may have until July 16, 2015, to submit a supplement to her pleadings, consistent with this Opinion and Order. If plaintiff submits a supplement, the court will then finish screening her claim pursuant to 28 U.S.C. § 1915(e)(2). **If she does not do so timely, or if she fails to cure the defects in her complaint, this case will be dismissed for failure to state a claim.**

Entered this 25th day of June, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge